WATKINS, Judge.
This is an action brought by the vendees of a home against the vendors, to obtain a reduction of the purchase price for failure of the house to contain the square footage so set forth in the listing and marketing agreement. Defendants filed a plea of prescription, which was upheld. We affirm.
The facts of the case and the applicable law are well and clearly set forth in the written reasons for judgment prepared by the trial court. Accordingly, we adopt the written reasons as our opinion, and quote from them in full:
*1194 “This case is before the court on an exception of prescription filed by Gordon R. Amidon and Mary S. Amidon (defendants). James D. Watkins and Donna F. Watkins (plaintiffs) purchased a home from the defendants on April 14, 1978. The house was described in the listing agreement as having 2,400 square feet. In late February 1980, the plaintiffs decided to sell said house. When measuring it for preparation of a listing agreement, they discovered that the house measured 2,100 square feet. On March 6, 1980, this suit, seeking damages and a reduction in the price, was filed. The exception of prescription is based on the lapse of two years from the date of sale to the filing of the suit.
“Plaintiffs oppose the exception and argue that the prescriptive period provided for redhibition actions applies to suits for quanti minoris. CC 2546 and Bernofsky v. Schwartz, 270[370]/590 [370 So.2d 590] ([La.App.] 4th, 1979). Said law provides that when a seller has knowledge of the defect in the thing sold, the prescriptive period begins to run with the discovery of the defect by the buyer. Plaintiffs maintain that the seller had knowledge of the ‘defect’ but that it was not discovered by them until February 1980, so this suit, filed less than three weeks later, was timely.
There is no doubt that the defendants had knowledge of the square footage difference because Mary Amidon was also the listing agent who measured the house and provided the footage information. But the critical issue is, when should the plaintiffs be charged with knowledge of the ‘defect’? A 300 square foot difference is the equivalent of a very large room and something that should have been readily apparent. Also, the listing and marketing agreement (Watkins 1) contains the exact dimensions of each room as follows:
Master BR 14x16.6 232.4 Bath lh 5x5 25
BRNo.2 11x12 132 LR 17.6x11.3 198.9
BR No. 3 15x11.7 175.5 DR 13x10.10 131.3
BRNo.4 10.4x11.2 116.5 Kit 12x10 120.0
Dressing 5.5x4 22 Bkf. Rm. 10.2x12.2 124.4
MasterBath 5x7 35 Den 15x22 330
Bath 11x5 55 Foyer 4.6x11.5 52.9
Util. 9x7 63 Storage 214
Total .2,027.9
The total dimensions of these rooms, plus the 214 feet listed as storage, came very close to the 2,100 square feet which is the correct measurement for the house. An error in arithmetic was made. Plaintiffs could easily have calculated the total square footage by simply adding it up as the court has done. Under the circumstances of this case, plaintiffs knew or should have known the dimensions of the house when they purchased it and prescription has tolled on any claim they may have.
For the reasons set forth, plaintiffs’ suit is dismissed at their costs. The expert witness fees are fixed as follows: Kathy F. Marel, $100.00 and R. Hugh Bullard, $100.00.”
The judgment of the trial court is affirmed, at appellants’ cost.
AFFIRMED.